## (June 22, 1959)

■ PATRICIA FRESK, an Infant, by ANNE FRESK, Her Guardian ad Litem, et al., Respondents, v. JACK B. STINSON, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ ARLENE JOHNSON, an Infant, by Her Guardian ad Litem, ANNIE JOHNSON, et al., Appellants, v. MORRIS HILL et al., Defendants, and CHARLES CAMPAGNALE, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ ELLIS J. KOLLENDER, Appellant, v. FARMINGDALE MEAT MARKET, INC., et al., Respondents.— Motion referred to the court that rendered the decision. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ. Motion for reargument denied, with $10 costs. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ ABRAHAM LEVINE, Respondent, v. HARRY MERMELSTEIN et al., Appellants.— Motion referred to the court that rendered the decision of May 13, 1959 (ante, p. 734). Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ. Motion for reargument of motion for leave to appeal to the Appellate Division denied, with $10 costs. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ BENNIE WIGGINS, Appellant, v. TOWN OF SOMERS, Respondent.— Motion referred to the court that rendered the decision. Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ. Motion for reargument denied, with $10 costs. Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ NATHAN BAIDACH, Respondent, v. CHARLES A. TOGUT, Doing Business as LINDEN GENERAL HOSPITAL, et al., Appellants, et al., Defendants.— In an action by a patient of a private general hospital to recover damages for personal injuries against the owner and operator of the hospital (Charles A. Togut), the attending surgeon (Henry Bloomberg), and others, the jury rendered a verdict of $22,500 for the patient against Togut and Bloomberg, who appeal (as limited by their respective briefs) from so much of the judgment entered thereon as is in favor of the respondent and against them. Respondent claimed that his injuries were sustained by reason of appellants' failure to prevent, or to detect within a reasonable time, the infiltration into tissue of a drug (levophed) being postoperatively administered as a component of an intravenous injection, while he was in the hospital. Judgment insofar as it is in favor of the respondent and against the appellant Bloomberg reversed upon the law and the facts, with costs, action severed, and complaint dismissed. Judgment insofar as it is in favor of the respondent and against the appellant Togut reversed and a new trial granted, with costs to abide the event, unless respondent, within 10 days after the entry of the order hereon, stipulate to reduce the amount of the verdict to $17,500, in which event the judgment is affirmed, without costs. It is our opinion that the determination of the jury as to the liability of the appellant Togut is supported by the evidence but that the verdict is excessive. It was error to deny the motion of appellant Bloomberg made at the close of the respondent's case to dismiss the complaint as to him. There was no proof of malpractice or of negligence on his part. He had the right to rely upon the competency of the hospital staff, particularly that of the resident physician, to insert the needle properly and to check frequently the intravenous flow after the levophed had been added. Wenzel, Beldock and